IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES ANDREW WALKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-08-3594 |
| | § | |
| RICK THALER, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS  DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S  MOTION FOR SUMMARY JUDGMENT**

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is
Respondent's Motion for Summary Judgment (Document No. 17).  Having considered the motion,
the response (Document No. 23), the claims raised by Petitioner, the state court records, and the
applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that
Respondent's Motion for Summary Judgment (Document No. 17) be GRANTED, that Petitioner's
Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and that this § 2254
proceeding be DISMISSED on the merits.

I.      **Introduction and Procedural History**

James Andrew Walker ("Walker") is currently incarcerated in the Texas Department of
Criminal Justice, Institutional Division ("TDCJ-ID") as a result of his conviction in the 240th District
Court of Fort Bend County, Texas, Cause No. 40659, for aggravated kidnaping.  On September 7,

2004, Walker was charged by Indictment with aggravated kidnaping. He was found guilty by a jury

of that offense on May 5, 2005, and was sentenced to seven years incarceration in the TDCJ-ID.

Walker appealed his conviction to Texas' Fourteenth Court of Appeals. The Court of

Appeals affirmed his conviction on August 10, 2006, in an unpublished opinion. *Walker v. State*, No.

14-05-00692-CR. Thereafter, Walker filed a petition for discretionary review with the Texas Court

of Criminal Appeals, which was refused on February 14, 2007. Walker then filed a state application

for writ of habeas corpus. On June 4, 2008, the Texas Court of Criminal Appeals denied the

application without written order. *Ex Parte Walker*, Application No. WR-69,926-01. This        §

2254 proceeding, filed by Walker on or about November 26, 2008, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 17), to which Walker

has filed a response in opposition. (Document No. 23).


## II.    Factual Background

The factual background, as set forth by the Texas Court of Appeals in its unpublished

opinion, is as follows:

> On September 27, 2003, [Walker] visited Janona Singleton, the mother of his
> two children. While at Janona's residence, [Walker] became upset because he
> believed that Janona was dating another man, Cedric Lomnec. A violent argument
> ensued. [Walker] hit Janona repeatedly in the face. Janona then drove [Walker] back
> to his apartment. Several hours later, [Walker] returned to Janona's house with a
> gun. When the couple began arguing in the front yard, Janona's sister, Matoka came
> outside. According to Janona's trial testimony, [Walker] told her not to let Matoka
> come near them, and that if she did, [Walker] would shoot both women.
>
> Janona went to her vehicle, but [Walker] stepped in front of it, preventing
> Janona from driving away. Cedric then arrived in his vehicle, but drove away shortly
> thereafter. [Walker] opened the door to Janona's vehicle, forced her out of the
> driver's seat, and began to drive after Cedric with Janona in the passenger seat.

Janona testified that she was frightened and felt she was in a dangerous situation. [Walker] continued to follow Cedric until he saw police cars. At that point, [Walker] began to turn the vehicle around, and Janona jumped out. Janona testified that she felt captive and could not get out of the vehicle safely until [Walker] slowed to turn the vehicle around. After her escape, Janona ran down the street trying to flag down a police officer.

Officers Pamela Tyler and Karen Fields, driving separate vehicles, stopped to help Janona, who was bleeding from the mouth and shaking uncontrollably. The officers brought Janona back to her residence to take her statement. While there, the officers noticed there was blood in the master bedroom and the telephones had been broken. Janona told the officers that [Walker] came to her home, threatened to kill her and her sister, and forced her to go with him on a vehicular chase after Cedric.

[Walker] testified on his own behalf. He admitted to assaulting Janona that night and to sitting on her and forcing her to move to the passenger seat so that he could drive after Cedric. [Walker] testified that he owned the gun Janona described, but he denied having it on his person on the night in question. [Walker] further testified that he brought flowers to Janona's place of work a few days after the incident.

*Walker v. State*, No. 14-05-00692-CR, at 2-3.

### III.    Claims

Walker raises four claims in this § 2254 proceeding:

1.    that there is legally insufficient evidence to support his conviction;

2.    that there is factually insufficient evidence to support his conviction;

3.    that the state trial court did not have jurisdiction over the offense because it occurred in Harris County, Texas, and therefore the judgment of conviction is void; and

4.    that the State used perjured testimony to obtain his conviction.

Respondent argues in the Motion for Summary Judgment that claims three and four are unexhausted and procedurally barred from review, and that claim two is not cognizable in a federal

habeas corpus proceeding.  As for claim one, Respondent argues that the state courts' adjudication

of the claim is neither contrary to nor based on an unreasonable application of clearly established

Federal law.

### IV.     Standard of Review

#### A.      Exhaustion and Procedural Bars

Federal habeas corpus petitioners are required to exhaust their available state law remedies.

*Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In order to exhaust state law remedies, Texas

prisoners must fairly present their claims to the highest state court, the Texas Court of Criminal

Appeals, TEX. CODE CRIM. PROC. ANN. art. 44.45, through a petition for discretionary review and/or

a state application for writ of habeas corpus.  TEX. R. APP. P. 68; TEX. CODE CRIM. PROC. ANN. art.

11.07, et seq.  "'It is not enough that all the facts necessary to support the federal claim were before

the state courts or that a somewhat similar state-law claim was made.'"  *Ex Parte Wilder*, 274 F.3d

255, 259-260 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Rather, the

petitioner must have presented the highest state court with the same claim, the same factual basis for

the claim, and the same legal theory in order to meet the exhaustion requirement.  *Id.*  "[F]leeting

reference to the federal constitution," especially when such reference is not accompanied by any

federal case law authority, generally does not suffice to "alert and afford a state court the opportunity

to address an alleged violation of federal rights," and that "vague references to such expansive

concepts as due process and fair trial" in a state court proceeding will not satisfy the exhaustion

requirement.  *Id.* at 260.

When unexhausted claims are contained in a § 2254 application, and when such claims, if the

petitioner tried to exhaust them in state court, "would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure," the claims should be dismissed with prejudice as procedurally barred. *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) ("A procedural default also occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"), *cert. denied*, 523 U.S. 1139 (1998).  Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts if he attempted to exhaust them, should the claims be dismissed without prejudice. *Horsley,* 197 F.3d at 136-137.

**B.      Merits Review under § 2254(d)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined by [the Supreme]

Court 'refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision.' " *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams*, 529 U.S. at 405-406). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000). *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. dism'd,* 124 S.Ct. 1652 (2004).

Under § 2254(d), once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *Woodford*, 534 U.S. at 27 ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative.  In addition, the correctness of the state court's decision is not determinative.  As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).  Moreover, it is the state court's ultimate decision that is to be reviewed for reasonableness, not its reasoning.  *Neal v. Puckett*, 286 F.3d 230, 244-46 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Pondexter v. Dretke*, 346 F.3d 142, 148-9 (5th Cir. 2003), *cert. denied*, 541 U.S. 1045 (2004).

## V.      Discussion

## B.      Insufficient Evidence Claims

In claims one and two, Walker contends, as he did in his direct appeal, that the evidence is both legally and factually insufficient to support his conviction.  According to Walker, there is no evidence of his specific intent to kidnap Janona, no evidence that he used a deadly weapon, and no evidence that he prevented Janona's liberation by secreting her in a place where she wouldn't be found.   Respondent argues, in the Motion for Summary Judgment, that the legal sufficiency claim is subject to dismissal because the Texas Court of Appeals' rejection of the claim is not contrary to or an unreasonable application of clearly established Federal law, and that the factual sufficiency claim is not cognizable in a federal habeas corpus proceeding.

The Texas Court of Appeals, in affirming Walker's conviction, found that the evidence was both legally and factually sufficient.  In so doing, the Texas Court of Appeals set forth the legal standard and reviewed the evidence as follows:

> In two issues, [Walker] contends that the evidence is legally and factually insufficient to support his conviction.  In evaluating a legal-sufficiency challenge, we view the evidence in the light most favorable to the verdict. *Westbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal is not whether we, as a court, believe the State's evidence or believe that the appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The jury as the trier of fact, "is the sole judge of the credibility of the witnesses and the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with conflicting evidence, we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

In contrast, when evaluating a challenge to the factual sufficiency of the evidence, we view all the evidence in a neutral light and inquire whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). A reviewing court may find the evidence factually insufficient in two ways. *Id.* First, when considered by itself, the evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, after weighing the evidence supporting the verdict and the evidence contrary to the verdict, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met. *Id.* at 484-85. In conducting the factual sufficiency review, we must employ appropriate deference so that we do not substitute our judgment for that of the fact finder. *Id.* at 481-82. Our evaluation should not intrude upon the fact finder's role as the sole judge of the weight and credibility given to any witness's testimony. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). In conducting a factual-sufficiency review, we must discuss the evidence appellant claims is most important in allegedly undermining the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

To support a conviction for aggravated kidnapping, the evidence must show that the accused (1) intentionally or knowingly abducted an individual and (2) used or exhibited a deadly weapon during the commission of the offense. *See Hines v. State*, 75 S.W.3d 444, 446 (Tex. Crim. App. 2002). "Abduct" means to restrain a person with the intent to prevent her liberation by either secreting or holding her in a place where she is not likely to be found, or using or threatening to use deadly force. *Id.* "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. *Id.* The evidence must show that the interference with the victim's liberty was substantial and intentional. *Mason v. State*, 905 S.W.2d 570, 575. "It is up to the jury to distinguish between those situations in which a substantial interference with the victim's liberty has taken place and those situations in which a slight interference has taken place. This can be established by looking at all of the circumstances surrounding the offense." *Hines* at 448.

[Walker] contends that the evidence is legally and factually insufficient to show that he had the specific intent to interfere with Janona's liberty, and to demonstrate that he used deadly force. We find no merit in these arguments and conclude that there is sufficient evidence to determine beyond a reasonable doubt that [Walker] intentionally interfered with Janona's liberty by using deadly force.

[Walker] admitted that he assaulted Janona. Both Janona and her sister testified that [Walker] arrived at Janona's home threatening Janona with a handgun. [Walker] admits to pushing Janona over to the passenger seat in her vehicle so that he could drive after Cedric. Janona testified that she was forced to go along with [Walker] against her will, and was very frightened. Although he denies having a gun

9

on the night in question, [Walker] admitted to owning a handgun that meets the description of the gun used on Janona the night of the incident.  As the trier of fact, the jury "is the sole judge of the credibility of the witnesses and the strength of the evidence." *Fuentes*, 991 S.W.2d at 271.  The jury was free to believe or disbelieve any portion of the witnesses' testimony.  *Sharp*, 707 S.W.2d at 614.  We may disagree with the fact finder only when the record clearly indicates a manifest injustice.  *Johnson*, 23 S.W.3d at 9.  This is not such a case.  Based on the evidence, we conclude that the jury could have found the essential elements of the crime beyond a reasonable doubt.  In addition, the proof of [Walker's] guilt is neither so weak nor so greatly outweighed by contrary proof as to warrant the conclusion that the conviction was manifestly wrong.  The evidence is both legally and factually sufficient to support [Walker's] conviction of aggravated kidnapping.  We overrule [Walker's] two issues on appeal.

*Walker v. State*, No. 14-05-00692-CR at 3-5.

The Texas Court of Appeals' conclusion that the evidence was legally sufficient is not contrary to or an unreasonable application of clearly established Federal law.  A legal sufficiency claim presents a mixed question of law and fact and is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 325 (1979).  Under that standard, a petitioner must prove that no rational trier of fact could have found the existence of facts necessary to establish the offense beyond a reasonable doubt. *Id.* at 325-26.  In applying the standard, all evidence is viewed in the light most favorable to the prosecution, *id.* at 319; *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983), *cert. denied*, 464 U.S. 1049 (1984), and all credibility choices and conflicts in the evidence are resolved in favor of the verdict. *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982).

Here, the facts set forth by the Texas Court of Appeals in connection with Walker's direct appeal constitute legally sufficient evidence to support Walker's conviction for aggravated kidnapping.  From the facts, the jury could have found that Walker had specific intent to commit the offense, that he used or exhibited a weapon, and that he abducted and restrained Janona.  Upon this record, the Texas Court of Appeals' rejection of Walker's legal sufficiency claim was not

10

unreasonable within the meaning of § 2254(d).

As for Walker's factual sufficiency claim (claim two), it is not cognizable in this federal habeas corpus proceeding because it is a product of state law and implicates no federal constitutional right(s). *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002), *Wanzer v. Cockrell*, 2002 WL 31045971 (N.D. Tex. 2002).

### B.      Procedurally Barred Claims

In claims three and four, Walker contends that the state trial court lacked jurisdiction, and that the State used perjured testimony from Janona about his use of a handgun to secure his conviction. Neither claim, as argued by Respondent, has been raised with the state courts.  Consequently, Respondent argues  that both claims are unexhausted and procedurally barred from review.  Walker, in response, contends that he is actually innocent of the offense, and that his actual innocence overcomes any procedural bar to a review of the two claims.

A review of the record shows that claims three and four have not been raised by Walker with the state courts and that the claims are unexhausted.  In addition, if Walker were to raise the claims in a second state application for writ of habeas corpus, the claims would, in all likelihood, be dismissed as abuse of the writ under § 11.071 of the Texas Code of Criminal Procedure, which provides:

> (a)  If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1)      the current claims and issues have not been and could not have been presented previously in an original application or in a  previously

considered application filed under this article because the factual or
legal basis for the claim was unavailable on the date the applicant filed
the previous application;  or

(2)    by a preponderance of the evidence, but for a violation of the United
States Constitution no rational juror could have found the applicant
guilty beyond a reasonable doubt.

Walker makes no argument that the claims could not have been previously presented in his original

state application for writ of habeas corpus.  He does claim that he is actually innocent of the offense,

but given the evidence in the record supporting his conviction as well as the Texas Court of Appeals'

conclusion that there was both legally and factually sufficient evidence to support his conviction,

Walker's actual innocence argument would not have excused him from Texas' application of its abuse

of the writ doctrine.  Accordingly, Walker's claim that the state trial court did not have jurisdiction

(claim three) and his claim that the State used perjured testimony (claim four) are unexhausted and

procedurally barred from review in this § 2254 proceeding.


**VI.    Conclusion and Recommendation**

Based on the foregoing and the conclusion that no relief is available to Walker on his

insufficient evidence claim under § 2254(d) and that the remainder of Walker's claims are either not

cognizable in this § 2254 proceeding or are unexhausted and procedurally barred from review, the

Magistrate Judge

RECOMMENDS that Respondent's Motion for Summary Judgment (Document No. 17) be

GRANTED, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) be

DENIED, and that this proceeding be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties

of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 23rd  day of October, 2009.


Frances H. Stacy
United States Magistrate Judge